# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHEVALIER PEREE HOWARD, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:16MC153 CDP |
| JAMES B. NUTTER & COMPANY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is plaintiff Chevalier Peree Howard's complaint filed in this miscellaneous action. From the tone of his pleadings, plaintiff, Mr. Howard, appears to be filing this complaint on behalf of a "private trust entity" known as Wade-Garden Village Private Trust. He asks for injunctive and other relief.

In his complaint, Mr. Howard states that he is bringing this action on behalf of a "disabled private trust" that was the "assignee" of the one Toni Wade's home, located at 1228 Garden Village Drive, Florissant, Missouri, 63031, which was mortgaged by defendant James B. Nutter & Company.

According to the complaint, on December 7, 2015, James B. Nutter & Company foreclosed on the property in Florissant. On February 22, 2016, James B. Nutter & Company filed an unlawful detainer action against Toni Wade, Mary Roe and John Doe defendants in St. Louis County Court. *See James B. Nutter & Company v. Toni Wade, et al.,* No. 16SL-AC04665 (21st Judicial Circuit, St. Louis County).

In the complaint before the Court, Mr. Howard, the alleged trustee and assignee of the property, seeks an injunction to stop the unlawful detainer action in state court. However, there

is no indication that this Court has jurisdiction over the alleged wrongful unlawful detainer action.[1] *See* 28 U.S.C. §§ 1331 and 1332. Moreover, plaintiff's case should not have been filed as a miscellaneous action in this Court, which is more appropriate for matters such as motions to quash subpoenas issued by other courts, registrations of judgments for another district, and similar miscellaneous matters. Because this is a complaint that seeks injunctive relief against a defendant, it should have been filed as a complaint and plaintiff should have paid the entire $400 filing fee for a civil complaint.

Accordingly, the Court will require the Clerk to transfer plaintiff's complaint to a regular civil action in this Court. Plaintiff will be charged the full $400 filing fee for bringing a civil action.

Plaintiff will also be required to file an amended complaint in the new civil action that specifies this Court's jurisdiction for maintaining the present action in this Court. Plaintiff should also understand that as a non-lawyer, he cannot represent any entity or individual other than himself in this case. Plaintiff will be given thirty (30) days to file an appropriate amended complaint and pay the filing fee. The amended complaint should be filed on a court form, and claims not realleged will be deemed abandoned. Plaintiff's failure to amend his complaint and

---

[1] The Missouri Supreme Court has outlined the proper litigation avenues for homeowners who believe they are victims of wrongful foreclosure and the limited nature of an unlawful detainer action under Missouri statute:
> As a result of [a] statutory limitation on the substantive scope of unlawful detainer actions, homeowners who believe their foreclosures are improper must act to protect themselves if they do not want to lose possession of their home. They must either: (1) sue to enjoin the foreclosure sale from occurring, or (2) if the sale has occurred and the buyer has sued for unlawful detainer, bring a separate action [in state court] challenging the foreclosure purchaser's title and seek a stay of the unlawful detainer action in that separate case.

*Wells Fargo Bank, N.A. v. Smith,* 392 S.W.3d 446, 461 (Mo.2013).

specify the jurisdictional basis for bringing the present action in this Court will result in a dismissal of this action, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall close the present miscellaneous action and transfer plaintiff's complaint to a new civil action in this Court.

**IT IS FURTHER ORDERED** that the Clerk shall return to plaintiff the $46.00 filing fee paid in the miscellaneous action.

**IT IS FURTHER ORDERED** that plaintiff shall be responsible for paying the full $400 filing fee in the new civil action.

**IT IS FURTHER ORDERED** that plaintiff shall have thirty (30) days from the date the new case is opened to pay the $400 filing fee.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff with a blank Civil Complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court form within thirty (30) days of the date the new case is opened. Plaintiff must specify in the amended complaint the jurisdictional basis for bringing the present action.

**IT IS FURTHER ORDERED** that plaintiff's failure to follow the instructions set forth above will result in a dismissal of his new civil action, without prejudice.

Dated this 14th day of March, 2016.

_/s/ Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE